THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* BEN HERMAN, Alias BENJAMIN H. REIBMAN, Defendant.

Court of General Sessions, New York County, June 16, 1931.

*Thomas C. T. Crain, District Attorney,* for the plaintiff.
*Shepard & Herschaft,* for the surety company.

FRESCHI, J. The attorneys for the Grand Central Surety Company, the surety on the undertaking given herein on January 22, 1930, move this court for an order vacating, discharging and canceling of record said undertaking.

The defendant is charged with the crime of grand larceny in the first degree, and while he was confined in the city prison of the city of New York various warrants were lodged with the warden of said prison, one from the City Court of New Rochelle, Westchester county, N. Y., dated September 24, 1929; a warrant issued by the City Court of Kingston, Ulster county, N. Y., dated July 11, 1925; a warrant issued by the City Court of Bridgeport, Fairfield county, Conn., dated February 21, 1923; an exemplified copy of an indictment dated January 9, 1922, filed in the Court of Quarter Sessions, Philadelphia county, Pa.

Bail was fixed herein by a justice of the Supreme Court in the sum of $2,000 and on February 22, 1930, the Grand Central Surety Company executed and filed an undertaking in writing in said sum for the appearance of the defendant and to answer the aforesaid indictment for grand larceny in New York county and to answer the various warrants above set forth.

The undertaking in its preambles recites the pending grand larceny charge here and the various warrants and crimes for which they were issued in other cities, as well as the fixing of bail as aforesaid, and provides that the surety " undertakes that the above-mentioned defendant shall abide within the jurisdiction of the Court of General Sessions of the County of New York, and shall appear before said Court at any time, whenever he may be required so to appear; *and shall render himself in execution of said warrants and indictment and each of them, and shall at all times render himself amenable to the orders and processes of the Court;* or if he fail to perform any of these conditions that it will pay to the People of the State of New York the sum of $2,000." Clearly, this contract of the surety company with the People of the State of New York should not be canceled until all of the terms, covenants and conditions therein enumerated have been fully met and complied with. Furthermore, it seems to me that, upon such compliance with the agreement contained in the said undertaking, automatically and by operation of law the obligation of the surety terminates, and no order of this court would be necessary in that event. There is no proof before me that the surety has fulfilled its agreement.

The motion of the surety to vacate, discharge and cancel of record the said undertaking is hereby denied.